**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Filemon SANCHEZ–VALDIVIA,**
**Defendant–Appellant.**

**No. 04–41761.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**630**

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Filemon Sanchez–Valdivia (Sanchez) appeals his sentence for illegal reentry after being deported subsequent to an aggravated felony conviction. For the first time on appeal, Sanchez asserts that the district court's belief during sentencing that the Federal Sentencing Guidelines were mandatory, rather than advisory, is reversible error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Sanchez also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. We need not decide the applicability of the waiver provision in this case because the issues that Sanchez raises lack arguable merit or are foreclosed.

■ We review Sanchez's *Booker*-based challenge for plain error. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th. Cir.), *cert. denied,* ── U.S. ──, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). Sanchez has failed to establish that the error affected his substantial rights. *See United States v. Bringier,* 405 F.3d 310, 317 n. 4 (5th Cir.), *cert. denied,* ── U.S. ──, 126 S.Ct. 264, 163 L.Ed.2d 238 (2005). Therefore, he cannot demonstrate plain error.

■ Sanchez's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Sanchez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–*

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Sanchez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is thus AFFIRMED.